UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE ELEVATOR CONSTRUCTORS UNION LOCAL NO. 1 ANNUITY AND 401(k) FUND; TRUSTEES OF THE ELEVATOR CONSTRUCTORS UNION LOCAL NO. 1 EDUCATION AND APPRENTICE TRAINING FUND,<br><br>              Plaintiffs,<br><br>-against-<br><br>GENCO ELEVATOR INC.,<br><br>              Defendant. | 18 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA") to collect delinquent employer contributions to a group of employee benefit plans, and for related relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) reside or may be found in this district.

## THE PARTIES

4. Plaintiffs are employer and employee trustees of the Elevator Constructors Union Local No. 1 Annuity and 401(k) Fund ("Annuity Fund") and the Elevator Constructors Union Local No. 1 Education and Apprentice Training Fund ("EAT Fund") (collectively the "Funds"). The Funds are multiemployer labor-management trust funds organized and operated in accordance with 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Trustees are fiduciaries of the Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The Funds are administered at 47-24 27th Street, Long Island City, New York 11101.

5. Genco Elevator Inc. ("Defendant" or "Genco") is a corporation incorporated under the laws of the State of New York. At all relevant times, Genco was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Genco maintains its principal place of business at 441 11th Street, Brooklyn, New York, 11215.

## STATEMENT OF FACTS

6. At all relevant times, Genco was a party to a collective bargaining agreement ("CBA") with the International Union of Elevator Constructors Local No. 1 of New York and New Jersey (the "Union").

7. The CBA required Genco, *inter alia*, to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

8. The CBA bound Genco to Plaintiffs' Trust Agreements and to Plaintiffs' Joint Policy for the Collection of Delinquent Contributions (the "Collection Policy").

9. The Collection Policy also required Genco, *inter alia*, to submit reports on a monthly basis detailing the number of hours of Covered Work performed by its employees.

10. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes this Court to enforce the CBA. In addition, section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

11. Pursuant to the CBA and the documents and instruments governing the Funds, an employer that fails to make prompt and timely payment of fringe benefit contributions shall be subject to an interest charge at the prime lending rate as published by the Wall Street Journal on the first business day of the calendar year plus 300 basis points compounded annually; liquidated damages in the amount of twenty percent (20%) of the amount of delinquent contributions owing; plus reasonable attorneys' fees, audit fees, and other costs incurred during the audit and collections procedures.

12. Defendant contravened the CBA and Section 515 of ERISA by failing to submit reports and contributions in an unknown amount for Covered Work performed October through December 2017. Accordingly, Genco owes contributions to the Annuity Fund for the period October through December 2017 in the estimated amount of $39,000 and contributions to the EAT Fund for the period October through December 2017 in the estimated amount of $900.

13. Defendant Genco also failed to make timely contributions to the Annuity Fund for August and September 2017, thereby accruing late-payment interest in the amount of $812.42.

14. Accordingly, Defendant Genco is liable for contributions to the Funds for the period October through December 2017 in the estimated amount of $39,900, plus interest thereon at the rate of approximately 6.75% compounded annually, late-payment interest in the amount of $812.42, liquidated damages of twenty percent (20%) of the principal owed, and attorneys' fees and costs incurred by the Funds in collecting these amounts.

**FIRST CLAIM FOR RELIEF**
**(Breach of the CBA by Genco)**

15. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16. At all relevant times, Genco was a party to a CBA with the Union.

17. The CBA required Genco to make specified hourly contributions to the Funds in connection with all Covered Work.

18. The CBA required Genco to submit reports on a monthly basis to the Funds detailing the amount of Covered Work performed.

19. Genco violated the terms of the CBA by failing to submit reports and contributions in an unknown amount for Covered Work performed October through December 2017. Accordingly, Genco owes contributions to the Annuity Fund in the estimated amount of $39,000 and to the EAT Fund in the estimated amount of $900 for the period of October through December 2017.

20. Defendant Genco also failed to make timely contributions to the Annuity Fund for August and September 2017, thereby accruing late-payment interest in the amount of $812.42.

21. Under the CBA and the documents governing the Funds, Genco is liable to the Funds for contributions in the estimated amount of $39,900, interest thereon at the rate of approximately 6.75% compounded annually, liquidated damages of 20%, late payment interest of $812.42, and all reasonable attorney's fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

**SECOND CLAIM FOR RELIEF**
**(Violation of ERISA by Genco)**

22. Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

23. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

24. At all relevant times, Genco was a party to a CBA with the Union.

25. The CBA required Genco to make specified hourly contributions to the Funds in connection with all Covered Work.

26. Genco has violated section 515 of ERISA by failing to submit reports and make required contributions in an unknown amount for Covered Work performed October through December 2017. Accordingly, Genco owes contributions to the Annuity Fund in the estimated amount of $39,000 and to the EAT Fund in the estimated amount of $900 for the period of October through December 2017.

27. Accordingly, pursuant to §§ 502(g)(2) and 515 of ERISA, 29 U.S.C. § 1132(g)(2) and 1145, the CBA, and the documents and instruments governing the Funds, Genco is liable to the Funds for contributions in the estimated amount of $39,900, interest thereon at the rate of approximately 6.75% compounded annually, liquidated damages of 20%, and all reasonable attorney's fees, expenses, and costs incurred by Plaintiffs in prosecuting this suit.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendant Genco for contributions of approximately $39,900, plus interest thereon, late-payment interest of $812.42, liquidated damages, reasonable attorneys' fees, and other costs incurred in prosecution of this action;

(2) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York         Respectfully submitted,
       February 20, 2018

**VIRGINIA & AMBINDER, LLP**

By:      /s/Paige Davis_____
Charles R. Virginia
Paige Davis
Nicole Marimon
40 Broad Street, 7th Floor
New York, NY 10004
(212) 943-9080
*Attorneys for Plaintiffs*